STATE of Texas, Appellant,

v.

Earl COONE et ux., Appellees.

No. 3715.

Court of Civil Appeals of Texas.

Waco.

June 16, 1960.

Rehearing Denied July 7, 1960.

Will Wilson, Atty. Gen., Joseph G. Rollins, Asst. Atty. Gen., for appellant.

Maddin & Copeland, Waco, for appellees.

WILSON, Justice.

The State contends the verdict in this condemnation case is excessive and that there is insufficient evidence, or none, to support findings as to damages to the remainder on one tract.

These points are overruled. The evidence fully supports the verdict. Appellant asks us to hold, in effect, that "the positive, categorical, factual statements of the engineering witness for the condemnor as to the type of highway to be built, grade cuts, etc.," cannot be totally ignored by the jury. The record does not reflect the jury did this. Neither may it be said unequivocally that the engineer's testimony, when the rest of the record is regarded, was so infallible as to bind the jury. His testimony in the respects urged, even if considered conclusive, affected the weight to be given the testimony of only one of appellees' witnesses. There was other competent evidence of probative force supporting the verdict. Opinion evidence from three other witnesses as to "before and after taking" valuation supported the findings. While the verdict might be regarded as large, we cannot say, under the record, it was excessive.

The State complains of exclusion of evidence as to sale price of other realty claimed to be similar and comparable to land taken. The property sought to be compared was unimproved land, although adjacent to appellees'. Appellees' land was improved. It was a part of a filling station. An island for pumps, gravel driveway, concrete pipe and the overhanging portion of the canopy were within the taking line. It has been held not to be error to exclude the evidence under these circumstances. City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808, 816. The evidence did not show the sale was voluntary. The court inquired, "There was no way of telling whether it was a voluntary purchase?" The witness: "No, sir." We cannot say the exclusion constituted reversible error. 16 Tex.Jur. Sec. 260, p. 593. We have carefully considered appellant's points, which are overruled. Affirmed.